UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VITALY IVANITSKY,

        Petitioner,

-v-

PATRICK J. GRIFFIN,

        Respondent.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**ORDER**
13-CV-0823 (CBA)

**AMON, Chief United States District Judge:**

    Petitioner Vitaly Ivanitsky, pro se, filed a petition for a federal writ of habeas corpus on February 11, 2013. In his petition, he raised the following five claims: (1) he was deprived of his right to due process by the trial court's admission of uncharged criminal conduct; (2) he was denied the effective assistance of counsel; (3) the evidence presented against him was legally and factually insufficient to convict him of murder; (4) he was denied his right to present a full and adequate defense by the trial court's exclusion of hearsay evidence and restriction of Ivanitsky's cross-examination of an expert witness; (5) the prosecution suppressed exculpatory evidence.

    On May 6, 2013, Ivanitsky filed a pro se letter requesting a stay of his federal habeas proceeding in order to exhaust his remedies in state court in a motion to vacate pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10. In his habeas petition, Ivanitsky indicated that the motion to vacate was already pending, though Respondent states that the motion was filed on May 13, 2013.[1] The Court understands Ivanitsky's request to seek a stay challenging his

---

[1] Ivanitsky also filed an identically-worded request for a stay as a rider to his habeas petition. To the extent Ivanitsky believed he was required to file his habeas petition and request for stay simultaneously in order to comply with the one-year statute of limitations under the Antiterrorism and Effective Penalty Act of 1996 ("AEDPA"), the Court notes that AEDPA's limitations period is tolled for the time during which a properly filed application for state post-conviction relief is pending. See 28 U.S.C. § 2244(d)(2).

1

judgment of conviction in state court on claims of prosecutorial misconduct and suppression of Brady material.  In a letter filed May 24, 2013, Respondent opposed the request, contending that Ivanitsky had not shown good cause for his failure to exhaust in the first instance.  Ivanitsky responded in a letter dated June 3, 2013, in which he states that he recently became aware of the existence of evidence that the district attorney "intended to introduce at trial" and that Ivanitsky believes defense counsel should have been afforded "an opportunity to review."  Ivanitsky further states that in February of this year, he made a request to the Brooklyn District Attorney's Office pursuant to the state's Freedom of Information law ("FOIL") for undisclosed Brady and Rosario material in his case.  Ivanitsky attaches a letter he received from the District Attorney's Office dated February 15, 2013, which estimates that he would receive a response to his FOIL request at the end of August 2013.

      The Court will grant Ivanitsky's request for a stay for the limited purpose of exhausting the claim that Ivanitsky identifies in his letter motion:  his claim of prosecutorial misconduct and suppression of exculpatory evidence.  However, the Court's order should not be construed as a license for Ivanitsky to bring other claims on habeas review that were not brought to the Court's attention in the first instance.  Ivanitsky must then return to this Court and file an amended petition within **thirty (30) days** of a final state court decision.  Ivanitsky is further advised that, should he fail to comply with these conditions, the stay will be vacated and he may well find himself time-barred from resubmitting his claims in a federal habeas corpus petition.

      The Court is aware that Respondent has submitted a memorandum in opposition to Ivanitsky's petition in response to the Court's order to show cause.  If Ivanitsky files an amended petition, Respondent need only address Ivanitsky's prosecutorial misconduct and Brady claim,

and must do so within **sixty (60) days** of the filing of an amended petition. Any reply is due within **thirty (30) days** of service of Respondent's opposition.

  The action is stayed until the time at which Ivanitsky moves to amend his petition or notifies the Court in writing that he will not do so, or at any other time the Court deems just and proper. Until such time as any of the foregoing occurs, the Clerk of the Court is directed to administratively close this case.

SO ORDERED.


Dated: Brooklyn, New York
   July ___, 2013

               ___/s/_____
               Carol Bagley Amon
               Chief United States District Judge